# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| TIBA LAFAYE HORTON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:26-cv-229 |
| | § | Judge Mazzant |
| WALGREEN CO., d/b/a | § | |
| WALGREENS, | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are two motions: Plaintiff's Motion for Leave to File First Amended Complaint (Dkt. #6); and Plaintiff's Motion for Expedited Rule 26(f) Conference and Limited Discovery (Dkt. #9) (collectively, the Motions). Having considered the Motions and the relevant pleadings, the Court finds that the Motion for Leave to File First Amended Complaint (Dkt. #6) should be **GRANTED** and the Motion for Expedited Rule 26(f) Conference and Limited Discovery (Dkt. #9) should be **DENIED as moot**.

## BACKGROUND

On or about April 23, 2024, Plaintiff visited a Walgreens store to get her passport photograph taken (Dkt. #6-1 at p. 2). As Plaintiff traveled through the store, an employee pushed or rolled a chair into Plaintiff's path, which allegedly caused her to trip and fall to the ground (Dkt. #6 at p. 1). Following the incident, Plaintiff managed her injuries for almost two years.

On January 30, 2026, with less than 85 days before the expiration of the relevant statute of limitations, Plaintiff filed suit against Defendant in the 493rd Judicial District Court in Collin County, Texas (Dkt. #1). Defendant was served on February 6, 2026 (Dkt. #1). On March 4, 2026, Defendant removed the case to this Court pursuant to this Court's diversity jurisdiction under 28

U.S.C. § 1332(a) and in accordance with Local Rule CV-81. Two days later, on March 6, 2026, Plaintiff filed a deficient Motion for Leave to File Amended Complaint and for Expedited Conference and Limited Discovery (Dkt. #5), which was subsequently rejected and split into the two Motions presently before the Court. Plaintiff now seeks leave to file her First Amended Complaint to add a fictitious "John Doe" defendant, an expedited Rule 26(f) conference, and limited discovery necessary to identify the employee who moved the chair "so the proper named party may be substituted" (Dkt. #6 at p. 2).[1]

## LEGAL STANDARD

Rule 15(a) provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. FED. R. CIV. P. 15(a). After a responsive pleading is served, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* Rule 15(a) instructs the court to "freely give leave when justice so requires." *Id.* The rule "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to grant leave to amend "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*,

---

[1]   While the Court issued this Memorandum Opinion and Order approximately 44 days after Plaintiff filed her request for amendment and just over one month after Defendant filed its response (Dkt #11), the Court notes that Plaintiff neither attempted to contact the Court about this matter nor took advantage of Local Rule CV-7(l), which permits parties to file "emergency motions" wherever "necessary to avoid imminent, irreparable harm." *See Aramark Services, Inc. Group Health Plan v. Aetna Life Ins. Co.*, 162 F.4th 532, 545 n.74 (5th Cir. 2025) (noting that "our able district court was quick on the draw" by issuing a ruling on a motion to stay proceedings 56 days after it was filed).

952 F.2d 841, 846 (5th Cir. 1992) (citing *Guthrie v. J.C. Penney Co.*, 803 F.2d 202, 210 (5th Cir. 1986)).

Furthermore, where an amendment seeks to join a nondiverse party, "the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). Indeed, 28 U.S.C. § 1447(e) holds that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *See also Cobb v. Delta Exps., Inc.*, 186 F.3d 675, 677 (5th Cir. 1999) ("[O]ther courts have opined that § 1447(e), adopted after we decided *Hensgens*, is a codification of *Hensgens*'s holding.").

**ANALYSIS**

### I.    Plaintiff's First Amended Complaint

Plaintiff's first request is for leave to amend her complaint to add a "John Doe" defendant which she later plans to substitute with the employee who purportedly moved the chair in front of her (Dkt. #6 at p. 4). Defendant argues that Plaintiff's request is merely "a transparent attempt to destroy the complete diversity of citizenship that forms the basis of this Court's subject matter jurisdiction by adding a fictitious . . . defendant" (Dkt. #11 at pp. 1–2). Interestingly, both parties agree that the John Doe employee defendant threatens this Court's diversity jurisdiction and implore the Court to therefore "consider the factors set forth in *Hensgens v. Deer & Co.*" to determine whether Plaintiff's proposed amendment and accompanying discovery is appropriate in this case (Dkt. #6 at p. 3; Dkt. #11 at pp. 3–4). The Court finds that this shared request stretches the *Hensgens* analysis and 28 U.S.C. § 1447(e) a step too far.

3

The *Hensgens* factors and 28 U.S.C. § 1447(e) apply where a plaintiff seeks to add a nondiverse defendant whose presence in the action would destroy federal subject matter jurisdiction. *See Gilbreath v. Averitt Express, Inc.*, No. CV 09-1922, 2010 WL 11580097, at *3 n.8 (W.D. La. June 29, 2010) ("If the joinder of Graphic Packaging does not destroy diversity, then 28 U.S.C. § 1447(e) and the *Hensgens* factors do not apply."). In this case, Plaintiff seeks leave to join a fictitious John Doe defendant, which Plaintiff hopes to substitute with a party whose citizenship is currently unknown (Dkt. #6-2 at p. 1). Because joinder of the fictitious John Doe defendant, without more, would not clearly destroy this Court's subject matter jurisdiction, the Court declines to apply the *Hensgens* factors or 28 U.S.C. § 1447(e) to Plaintiff's request for leave to amend the complaint. This ruling is consistent with the text of the removal statute, 28 U.S.C. § 1441(b), which instructs courts to ignore the alleged citizenship of defendants sued under fictitious names. *Id.* ("[T]he citizenship of defendants sued under fictitious names shall be disregarded."); *see also Kemp v. CTL Distrib., Inc.*, 440 F. App'x 240, 248 (5th Cir. 2011) (per curiam) (unpublished) (ignoring citizenship of John Doe defendant in analyzing diversity of citizenship). However, the Fifth Circuit has determined that the requirement to disregard the citizenship of defendants sued under fictitious names "applies only to John Doe defendants as such, not to *subsequently* named parties identifying one of those fictitious defendants." *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 477 (5th Cir. 2001) (emphasis added). Thus, the parties should anticipate the implication of the *Hensgens* factors and 28 U.S.C. § 1447(e) if Plaintiff later attempts to substitute the fictitious John Doe defendant with a nondiverse party.

In the interest of an exhaustive review of the pleadings, the Court recognizes that while both parties openly theorize about the citizenship of this future defendant, neither have provided

any concrete evidence for the Court to consider under any requested diversity analysis (Dkt. #6 at p. 3 (stating that the anticipated joinder "may affect diversity jurisdiction"); Dkt. #11 at p. 5 (stating that the "John Doe defendant . . . is likely to be a Texas resident.")). As a result, the only jurisdictional fact available for this Court's consideration is the distance between the John Doe employee's workplace and the nearest state border. Even if this Court were to set aside the plain text of the relevant statutes and the illogical nature of extrapolating the likelihood of a potential defendant's citizenship based on their alleged place of work alone, the fact remains that only approximately 60 miles of rolling Texas countryside lies between the relevant Walgreens store and the Oklahoma state border. Thus, over the parties' mutual agreement, the Court declines to find that post-removal joinder of a fictitious "John Doe" defendant warrants consideration of the *Hensgens* factors or 28 U.S.C. § 1447(e). However, if Plaintiff attempts to substitute John Doe with a nondiverse defendant in the future, she will be required to seek the Court's leave to amend under 28 U.S.C. § 1447(e) by satisfying the *Hensgens* factors. *See Blanchard v. Tillman*, No. CV 20-2400, 2020 WL 6581010, at *3 (E.D. La. Nov. 10, 2020) ("[T]he court . . . has authority to grant leave to amend the complaint to substitute a non-diverse party for a fictitious defendant pursuant to the *Hensgens* factors."); *Cantrell v. Gaddie*, 2020 WL 13532895, at *2 (E.D. Tex. May 11, 2020) ("[I]n the Fifth Circuit, it is well established that a party cannot join a nondiverse party in an amended pleading without first obtaining leave of court . . . .").

At present, the Court considers Plaintiff's request in light of FED. R. CIV. P. 15(a), and finds that good cause exists to grant Plaintiff leave to amend her complaint. Plaintiff's proposed amendment is directly relevant to her claims against Defendant, and, as explained in greater detail below, the proposed amendment is not entirely futile.

5

## II.   Expedited Rule 26(f) Conference and Limited Discovery

As it stands, the nearly two-year long interval between Plaintiff's injury and the filing of this cause of action has ultimately left Plaintiff with less than one day from the date of this Memorandum Opinion and Order to join and serve the nameless John Doe employee defendant. *Ortega v. Young Again Prods., Inc.*, 548 F. App'x 108, 113 (5th Cir. 2013) (unpublished) ("To comply with a statute of limitations, a plaintiff must file his lawsuit and serve the lawsuit on the defendant within the limitations period."); *Ortiz v. Wal-Mart Stores Tex., LLC*, No. 3:22-CV-1023-B, 2022 WL 3104839, at *1 (N.D. Tex. Aug. 4, 2022) (citing TEX. CIV. PRAC. & REM. CODE § 16.003(a)) ("The statutory limitation period for personal injury and premises liability claims in Texas is two years."). Even if Plaintiff files timely but serves the John Doe employee defendant after the limitations period, the claim will be barred unless Plaintiff can show she exercised due diligence in attempting to effect service. *See Ortega*, 548 F. App'x at 113.

In consideration of the circumstances presented by this case, the Court finds that Plaintiff's proposed discovery requests are both futile and mooted. Although "the Court cannot turn back time" to enable Plaintiff to conduct limited discovery on the John Doe defendant prior to the expiration of the relevant statute of limitations, Plaintiff will nevertheless eventually learn the name of the employee whom she intends to substitute for the John Doe defendant through regular operation of the Federal Rules of Civil Procedure. *Cruden Bay Holdings, LLC v. JPMorgan Chase Bank N.A.*, No. 3:21-CV-1170-X, 2024 WL 3974724, at *3 (N.D. Tex. Aug. 27, 2024); FED. R. CIV. P. 26(a)(1)(A)(i). Once Plaintiff has gathered enough information to formally request such substitution, she will be required to argue for an equitable tolling of the limitations period, as the Fifth Circuit has previously determined that "an amended complaint to substitute an individual for a John Doe defendant does not relate back to the date of the original complaint." *Bond v. Nueces*

6

*County*, No. 20-40050, 2022 WL 4595000, at *2 n.2 (5th Cir. Sept. 30, 2022) (citing *Jacobsen v. Osborne*, 133 F.3d 315, 320–21 (5th Cir. 1998)); *see also Balle v. Nueces County*, 952 F.3d 552, 557–58 (5th Cir. 2017) (concluding that an amended complaint does not relate back to the date of the original complaint where the plaintiff substitutes a named individual for a John Doe defendant). Regardless of the outcome of any future attempt at substitution, the Court finds that Plaintiff has at least succeeded in getting her foot in the door on this issue.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (Dkt. #6) is hereby **GRANTED**.

It is further **ORDERED** that Plaintiff's Motion for Expedited Rule 26(f) Conference and Limited Discovery (Dkt. #9) is hereby **DENIED as moot**.

**IT IS SO ORDERED.**

**SIGNED this 22nd day of April, 2026.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE